DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

LAKEVIEW LOAN SERVICING, LLC, )
)
      Plaintiff, )
)
v. ) Civil No. 2019-18
)
RANDOLPH A. ZIMMERMANN, )
ELIZABETH ZIMMERMANN, and )
VIRGIN ISLANDS BUREAU OF )
INTERNAL REVENUE, )
)
      Defendants. )
)

**APPEARANCES:**

**Matthew Reinhardt**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, U.S.V.I.
    *For Lakeview Loan Servicing, LLC,*

**Lashanda J. Willis**
Department of Justice
St. Thomas, U.S.V.I.
    *For Virgin Islands Bureau of Internal Revenue.*

**JUDGMENT**

**GÓMEZ, J.**

Before the Court are the motions of Lakeview Loan Servicing, LLC, for (1) default judgment against Randolph Zimmermann and Elizabeth Zimmermann; and (2) summary judgment against the Virgin Islands Bureau of Internal Revenue.

I. **FACTUAL AND PROCEDURAL HISTORY**

Having reviewed the record, the Court makes the following findings of fact:

1. Randolph Zimmermann and Elizabeth Zimmermann (collectively the "Zimmermanns") are the record owners of property described as

   > Building 506, Unit U Mahogany Run Condominium located at Parcel Nos. A-3-A-1 (includes A-3-A-1-A), A-3-A-2 (includes A-3-A-2-A), A-3-A-3 (includes A-3-A-3-A), A-3-A-4, A-3-A-5-A, A-3-A-5-B, A-3-A-5-C, A-3-A-6-A, A-3-A-6-B, C-3-A-1, C-3-A-2, C-3-A-3, C-3-B, C-56, C-57, C-58, C-59-A, C-60, C-61, C-62, C-62-A, C-63-A, C-63-B, C-64, C-65, D-2-A, D-3-A, D-8-A, D-8-C, D-8-D, D-20-A, D-23-A, D-23-B, D-24, D-25, and D-26 Estate Lovenlund
   > No. 2 Great Northside Quarter
   > St. Thomas, Virgin Islands.

   (the "Property"). *See* Warranty Deed at 1, ECF No. 34-1.

2. Randolph Zimmermann is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

3. Elizabeth Zimmermann is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

4. On or about May 6, 2011, the Zimmermanns borrowed $285,000 from Flagstar Bank, FSB ("Flagstar").

5. On May 10, 2011, the Zimmermanns executed and delivered a promissory note (the "Note") to Flagstar in which they

    promised to pay Flagstar the principal sum of $285,000, plus interest at a rate of 4.99% per annum in monthly installments. The Note provides that any monthly payment that is not received by the end of 15 calendar days after the date that it is due shall be subject to a late fee that is calculated as 5% of any overdue payment of principal and interest.

6. The Note provides that the Zimmermanns will be in default by failing to pay an installment. In the event of default, the Note holder may elect to send the Zimmermanns a notice of default requiring the Zimmermanns to pay the overdue amount by a date at least 30 days after the notice of default is sent. If the Zimmermanns do not pay the overdue amount by the date set by the notice of default, at the election of the Note holder, the Note will be become due and payable in its entirety.

7. On May 10, 2011, the Zimmermanns delivered to Flagstar a real estate mortgage (the "Mortgage") encumbering the Property and securing the Note. The Mortgage is attached to the Property. Pursuant to the Mortgage, Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for Flagstar and Flagstar's successors and assigns, is the mortgagee. MERS has the right to

foreclose on the Property in the event of a default on the Note.

8. On May 16, 2011, the Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John as Document No. 2011003384.

9. The United States Virgin Islands Bureau of Internal Revenue ("VIBIR") holds a tax lien in the amount of $9,903 on the Property.

10. On December 22, 2015, the VIBIR's tax lien on the Property was recorded at the Office of Recorder of Deeds for the District of St. Thomas and St. John as Document Number 2015008657.

11. On or about August 1, 2017, the Zimmermanns failed to pay an installment on the Note when it became due. The Zimmermanns have failed to pay all subsequent payments.

12. On October 5, 2017, Loancare, LLC ("Loancare"), the servicing agent for the Mortgage, sent a notice of default to the Zimmermanns at their mailing address. The notice of default advised the Zimmermanns that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien. The notice of default

      also provided that the Zimmermanns had until November 9, 2017, to pay the full amount of the default.

13. The Zimmermanns made no further payments on the Note.

14. On October 18, 2018, MERS, as nominee for Flagstar, assigned the Mortgage to Lakeview Loan Servicing, LLC ("Lakeview"). That assignment was recorded on December 14, 2018, at the Office of the Recorder of Deeds for the District of St. Thomas and St. John as Document No. 2018009742.

15. On March 18, 2019, Lakeview filed the instant complaint against the Zimmermanns and the VIBIR to enforce the terms and conditions of the Note and Mortgage. In its complaint, Lakeview declared the entire amount of indebtedness due and payable immediately.

16. The Zimmermanns have not filed their answer to the complaint or otherwise appeared in this action. On August 19, 2019, the Clerk of Court entered default against Elizabeth Zimmermann. On September 3, 2019, the Clerk of Court entered default against Randolph Zimmermann.

17. On November 15, 2019, Lakeview moved for entry of default judgment against the Zimmermanns. On the same date, Lakeview moved of summary judgment against the VIBIR.

18. The VIBIR has not filed an opposition to Lakeview's motion for summary judgment.

19. The Zimmermanns are in default on the Note. As of July 16, 2019, the Zimmermanns are in debt to Lakeview in the principal amount of $255,800.78; plus interest on the Note in the amount of $28,859.78; accumulated late charges in the amount of $76.41; and inspections or other property preservation fees and charges in the amount of $377; less escrow in the amount of $1,649.60. Interest continues to accrue on the Note in the amount of $34.93 per diem. As of October 5, 2019, the total amount of the Zimmermanns' indebtedness to Lakeview under the Note is $283,464.37.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service.

*See Nationstar Mortgage, LLC v. Florio*, No. CV 2012-0033, 2014 U.S. Dist. LEXIS 89339, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or ... vague statements ...." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a

verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

To prevail on a debt and foreclosure claim, the plaintiff must show that: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009). The facts found by the Court establish each of the elements for a debt and foreclosure claim.

"When determining the priority of liens, the Virgin Islands is a race notice jurisdiction." *Kennedy Funding, Inc. v. Oracle Bus. Devs., LLC*, No. 2012-0009, 2016 U.S. Dist. LEXIS 13498, at *18 (D.V.I. Feb. 4, 2016). As such, an earlier recorded instrument takes priority over a latter filed instrument. *See*

*Moco Inves., Inc. v. United States*, 362 F. App'x 305, 309 (3d Cir. 2010). The Mortgage was recorded on the Property before any other liens were recorded against the Property.

The premises considered, it is hereby

**ORDERED** that the motion of Lakeview for summary judgment against the VIBIR, ECF No. 34, is **GRANTED**; it is further

**ORDERED** that the motion of Lakeview for default judgment against the Zimmermanns, ECF No. 34, is **GRANTED**; it is further

**ORDERED** that Lakeview shall recover from the Zimmermanns the principal amount of $255,800.78; plus interest on the Note in the amount of $28,859.78; accumulated late charges in the amount of $76.41; and inspections or other property preservation fees and charges in the amount of $377; less escrow in the amount of $1,649.60; Interest continues to accrue on the Note in the amount of $34.93 per diem until the date of judgment; it is further

**ORDERED** that the Mortgage is a first priority lien; it is further

**ORDERED** that the VIBIR's tax lien is a second priority lien; it is further

**ORDERED** that the Mortgage, and any liens on the Property subsequent to the recording of the Mortgage are hereby foreclosed; it is further

**ORDERED** that the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code. Second, the proceeds of such sale shall be applied toward satisfaction of this Judgment in favor of Lakeview, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by Lakeview for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; and it is further

**ORDERED** that

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general

circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

   a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

   b. Lakeview may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

   c. The terms of the sale as to all other persons or parties bidding shall be cash.

   d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

   e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. Lakeview shall have any and all writs necessary to execute the terms of this Judgment.

4. The Zimmermanns shall be liable to Lakeview for any deficiency remaining after the sale of the Property; it is further

  **ORDERED** that the trial setting in this matter is **VACATED**; it is further

  **ORDERED** that all pending motions are **MOOT**; and it is further

  **ORDERED** that the Clerk of Court shall **CLOSE** this case.


            S\_____
            **Curtis V. Gómez**
            **District Judge**