IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LAKEVIEW LOAN SERVICING, LLC, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RANDOLPH A. ZIMMERMAN, ELIZABETH )<br>ZIMMERMANN aka ELIZABETH L. AGAIN – )<br>ZIMMERMANN, and VIRGIN ISLANDS )<br>BUREAU OF INTERNAL REVENUE, )<br>)<br>    Defendants. )<br>                ) | Case No. 3:19-cv-0018 |

## ORDER

**BEFORE THE COURT** is the Plaintiff Lakeview Loan Servicing, LLC's ("Plaintiff") Motion for Extension of Time to File Motion for Attorney's Fees, (ECF No. 41), and Motion for Attorney's Fees. ECF No. 42). For the reasons stated below, the Court will deny Plaintiff's motion for extension of time. The denial of the motion for extension of time renders the motion for attorney's fees moot.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed the present action for debt, foreclosure of liens, and quiet title on March 18, 2019. (ECF No. 1). The Court entered a default judgment in favor of the Plaintiff on February 7, 2020. (ECF No. 37). On November 25, 2020, Plaintiff contemporaneously filed their motion for attorney's fees, ECF No. 42, memorandum in support of the motion for attorney's fees, ECF No. 43, and motion for extension of time to file motion for attorney's fees.( ECF No. 41). Plaintiff requests attorney's fees in the amount of $6,985.50 and costs in the amount of $3,297.00. (ECF No. 43 at p. 5).

Defendants Randolph A. Zimmermann ("Randolph Zimmermann"), Elizabeth Zimmermann a/k/a Elizabeth L. Again-Zimmermann ("Elizabeth Zimmermann") (Collectively, "the Zimmermanns"), and Virgin Islands Bureau of Internal Revenue ("BIR") have yet to file an opposition to either motion. The deadline to file a response has expired.

## II. LEGAL STANDARD

Pursuant to Fed R. Civ. P. 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Whether a party's failure to act constitutes "excusable neglect" is an equitable inquiry that "takes account of all relevant circumstances surrounding the party's omission." *Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 188 F.3d 116, 125 (3d Cir. 1999)(quoting *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 388(1993))(internal quotations omitted).

The Courts apply a four-factor test when assessing excusable neglect for the purposes of enlargement of time. *See Pioneer,* 507 U.S. 380. Namely, courts must consider "(1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 319 (3d Cir. 2012) (citing *Pioneer*, 507 U.S. at 395). "The moving party carries the burden of demonstrating excusable neglect." *Gumbs-Heyliger v. CMW & Assocs. Corp.*, No. 2012-0078, 2017 U.S. Dist. LEXIS 49049, at *5 (D.V.I. Mar. 31, 2017).

## III. DISCUSSION

Rule 54 of the Federal Rules of Civil Procedure provides that a motion for attorney's fees and related nontaxable expenses must be filed no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). The Court entered its Judgment in this matter on February 7, 2020. (ECF No. 37). Plaintiff filed the present motions on November 25, 2020, or 278 days beyond the filing deadline. (ECF Nos. 41-43). Accordingly, Plaintiff must first show that the belated filing was the result of "excusable neglect." Considering each of the *Pioneer* factors in turn, the Court finds that Plaintiff has not met its burden.

*A. Danger of Prejudice to The Non-Movant*

First, Plaintiff argues that there is no danger of prejudice to the Zimmermanns, as they have not appeared in this matter. Plaintiff further asserts a lack of danger of prejudice to Defendant BIR, who is joined solely due to its junior tax lien recorded against mortgaged

property. The Court agrees that defendants would not be prejudiced by the late filing. As the Third Circuit noted in *Ragguette*, "prejudice generally occurs where, for instance, the opposing party has . . . placed substantial reliance on the judgment . . . ." 691 F.3d at 331-32 (quoting *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d at 127). The Zimmermanns have not appeared in court and, to date, have not filed any motions with the Court regarding this case. The Court can find no evidence that the Zimmermanns placed substantial reliance on the judgment. Therefore, there is no danger of prejudice, and the first *Pioneer* factor weighs in favor of a finding of excusable neglect.

### B. Length of Delay and Impact on Judicial Proceedings

Plaintiff next argues that although the length of delay is "somewhat lengthy," granting the motion for extension of time would have no impact on judicial proceedings. It is true that there are no post-judgment motions or proceedings that could potentially be impacted by the delay. However, 278 days is a considerable amount of time, and courts have found that much shorter delays may weigh against a finding of "excusable neglect." *See Graham v. HRchitect, Inc.*, 2017 U.S. Dist. LEXIS 118549, at *6 (E.D. Tex. July 28, 2017)(noting that "District courts in the Fifth Circuit have found delays as short as a few weeks as too long to find excusable neglect"); *United States v. Cates*, 716 F.3d 445, 448 (7th Cir. 2013)(characterizing two-months as a "lengthy delay"); *Resop v. DFZ Enters. (In re McClearn)*, 372 B.R. 471, 473 (Bankr. W.D. Wis. 2007)("A delay of six months is unreasonable.") Given the protracted delay, the Court finds that the second factor also weighs against a finding of excusable neglect.

### C. The Reason for The Delay

As to the third *Pioneer* factor, Plaintiff simply offers that "the reason for the delay was due to counsel's oversight," and later asks that the Court "consider the intervening COVID-19 circumstances." (ECF No. 41 at p. 3). The Court finds this argument lacking. Generally, "ordinary neglect and technical problems do not constitute excusable neglect." *Wylie v. Transunion, LLC*, No. 3:16-cv-102, 2017 U.S. Dist. LEXIS 162127, at *14 (W.D. Pa. Sep. 29, 2017). Counsel's oversight may be a reason for a delay, but as an excuse, it is insufficient. *Inst. for Policy Studies v. United States CIA*, 246 F.R.D. 380, 383 (D.D.C. 2007)("If a simple

mistake made by counsel were to excuse an untimely filing, 'it [would be] hard to fathom the kind of neglect that we would not deem excusable.'").

Recalling that in addition to the reason for the delay, *Pioneer* requires the court to consider whether the delay was "was within the reasonable control of the movant," the Court is even less persuaded. *Ragguette*, 691 F.3d at 319. The only external obstructing factor listed by Plaintiff is a vague reference to COVID-19. However, Plaintiff did not attempt to show how the COVID-19 pandemic impeded counsel's ability to file a motion for attorney's fees or, in the alternative, a motion for extension of time to file their motion for attorney's fees before the deadline passed. Given that the proffered reason for the delay was within Plaintiff's control, and any arguments suggesting otherwise were wholly undeveloped, the Court finds that the third factor weighs against a finding of excusable neglect.

### D. Whether the Movant Acted in Good Faith

Without additional commentary, Plaintiff claims that any delay was not due to "bad faith on the part of the Plaintiff." (ECF No. 41 at p. 3.) However, this statement alone does not prove that Plaintiff acted in good faith. The Third Circuit has held that "a party acts in good faith when he acts with 'reasonable haste to investigate the problem and to take available steps toward a remedy." *In re Smiles*, 600 Fed.Appx. 838, 841 (3d Cir. 2015) (quoting *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 184 (3d Cir. 2000)). Here, Plaintiff has not provided any explanation regarding the circumstances under which the oversight was discovered, and the manner in which the oversight was remedied such that the Court can determine whether Plaintiff acted with "reasonable haste." Further, Plaintiff is not entitled to the benefit of the doubt here, as "[t]he moving party carries the burden of demonstrating excusable neglect." *Gumbs.*, 2017 U.S. Dist. LEXIS 49049, at *5. Therefore, this fourth and final factor also weighs against a finding of excusable neglect.[1]

---

[1] Plaintiff also asks the Court to consider that "if Plaintiff is not permitted to recover its attorney's fees as provided by the terms of the Note and Mortgage . . . Plaintiff's ultimate recovery may be reduced if these amounts are not included in Plaintiff's credit bid at marshal's sale as permitted by the terms of the judgment." (ECF No. 41 at p.3). Prejudice to the movant is not a factor under the *Pioneer* test. Regardless, the Court finds that even taking any potential prejudice to the Plaintiff under consideration, the factors weigh heavily against a finding of excusable neglect.

*Lakeview Loan Servicing, LLC v. Zimmerman et al.*
Case No. 3:19-cv-0018
Order
Page 5 of 5

## IV. CONCLUSION

Considering each of the *Pioneer* factors in turn, the Court finds that Plaintiff has not proven that the filing delay resulted from "excusable neglect." Therefore, the Court will deny Plaintiff's motion for extension of time to file attorney's fees.

The premises considered it is hereby:

**ORDERED** that Plaintiff's Motion to For Extension of Time to File Attorney's Fees is **DENIED;** and it is further

**ORDERED** that Plaintiff's Motion for Attorney's Fees is **DENIED** as **MOOT.**

**Dated: October 1, 2021**                                   */s/ Robert A. Molloy*
                                                             **ROBERT A. MOLLOY**
                                                             **Chief Judge**